Lansing R. Palmer (LP-4719)
Scott M. Kessler (SK-5510)
AKERMAN SENTERFITT LLP
335 Madison Avenue, 26th Floor
New York, New York 10017-4636
(212) 880-3800

*Attorneys for Defendant Boston Proper, Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

| | |
|---|---|
| KOBRA INTERNATIONAL, LTD. d/b/a NICOLE MILLER, LTD., a New York Corporation, : : : | **ECF CASE** Civil Action No. 07-CV-9894 (VM) |
| Plaintiff, : | |
| - against - : | **ANSWER TO FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS** |
| BOSTON PROPER, INC., a Florida Corporation; RICHIE TAILOR, INC., a New York Corporation; and JOHN DOES 1-15; and XYZ CORPORATIONS 2-15, : : : | **JURY TRIAL DEMANDED** |
| Defendants. : | |

------------------------------------------------------------x

Defendant and Cross-Claimant Boston Proper, Inc. ("Boston Proper") hereby answers and responds to the first amended complaint filed by Plaintiff Kobra International, Ltd. d/b/a Nicole Miller, Ltd., as follows:

## THE PARTIES

1.   Boston Proper is without information or knowledge sufficient to determine the truth of the allegations contained in paragraph 1 of the first amended complaint, and therefore denies same.

2.   Admits the allegations contained in paragraph 2 of the first amended complaint.

3.   Boston Proper is without information or knowledge sufficient to determine the truth of the allegations contained in paragraph 3 of the first amended complaint, and therefore denies same.

4.   Boston Proper is without information or knowledge sufficient to determine the truth of the allegations contained in paragraph 4 of the first amended complaint, and therefore denies same.

## JURISDICTION AND VENUE

5.   Admits that the first amended complaint avers an action for: (a) copyright infringement; (b) unfair competition and false designation of origin; (c) unlawful and deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349; and (d) unfair competition under New York state law, based on activities that allegedly have occurred in this District and elsewhere in interstate commerce, but denies that the claims described have merit.

6.   Denies the allegations contained in paragraph 6 of the first amended complaint, except admits that subject matter jurisdiction is proper in this District and that supplemental jurisdiction is proper in this District.

7.   Admits that the Court has personal jurisdiction over Boston Proper in that Boston Proper transacts business and contracts to supply goods in the State of New York including this Judicial District. Boston Proper is without information or knowledge sufficient

to determine the truth of the remaining allegations contained in paragraph 7 of the first amended complaint, and therefore denies same.

8. Admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that Boston Proper is subject to personal jurisdiction in this Judicial District. Boston Proper is without information or knowledge sufficient to determine the truth of the remaining allegations contained in paragraph 8 of the first amended complaint, and therefore denies same.

**FACTUAL BACKGROUND**

**A.   NICOLE MILLER PRODUCTS AND ITS ALLEGED COPYRIGHTED DESIGN**

9. Admits that Nicole Miller is a designer that has been featured in magazines and other media. Boston Proper is without information or knowledge sufficient to determine the truth of the remaining allegations contained in paragraph 9 of the first amended complaint, and therefore denies same.

10. Admits that a purported copy of a Certificate of Registration and deposit are attached to the first amended complaint as Exhibit A. Boston Proper is without information or knowledge sufficient to determine the truth of the remaining allegations contained in paragraph 10 of the first amended complaint, and therefore denies same.

11. The allegations contained in paragraph 11 of the first amended complaint recite a legal conclusion to which no response is required.

12. Admits that a purported copy of the Nicole Miller store locator for New York is attached as Exhibit B to the first amended complaint, and that copies of advertisements are attached to the first amended complaint as Exhibit C. Boston Proper is without information or

knowledge sufficient to determine the truth of the remaining allegations contained in paragraph 12 of the first amended complaint, and therefore denies same.

B. **BOSTON PROPER'S ALLEGED ACTS**

13. Denies the allegations contained in paragraph 13 of the first amended complaint, except admits that alleged copies of photographs of products are attached to the first amended complaint as Exhibit D.

14. Denies the allegations contained in paragraph 14 of the first amended complaint, except admits that a copy of a letter dated March 22, 2007 from Greenberg Traurig LLP to Boston Proper is attached to the first amended complaint as Exhibit E, and that Boston Proper received the letter.

15. Denies the allegations contained in paragraph 15 of the first amended complaint.

16. Denies the allegations contained in paragraph 16 of the first amended complaint.

17. Denies the allegations contained in paragraph 17 of the first amended complaint.

C. **RICHIE TAILOR'S ALLEGED ACTS**

18. Boston Proper is without information or knowledge sufficient to determine the truth of the allegations contained in paragraph 18 of the first amended complaint, and therefore denies same.

19. Boston Proper is without information or knowledge sufficient to determine the truth of the allegations contained in paragraph 19 of the first amended complaint, and therefore denies same.

20. Boston Proper is without information or knowledge sufficient to determine the truth of the allegations contained in paragraph 20 of the first amended complaint, and therefore denies same.

### FIRST CLAIM FOR RELIEF
**(Copyright Infringement Under 17 U.S.C. §501)**

21. Defendant Boston Proper repeats and realleges the responses contained in paragraphs 1 through 20 of this Answer as if fully set forth herein.

22. Boston Proper is without information or knowledge sufficient to determine the truth of the allegations contained in paragraph 22 of the first amended complaint, and therefore denies same.

23. Denies the allegations contained in paragraph 23 of the first amended complaint, except admits that Boston Proper is not licensed by Plaintiff with respect to the alleged Nicole Miller Copyright or Africa Design.

24. Denies the allegations contained in paragraph 24 of the first amended complaint.

25. Denies the allegations contained in paragraph 25 of the first amended complaint.

26. Denies the allegations contained in paragraph 26 of the first amended complaint.

## SECOND CLAIM FOR RELIEF
**(Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))**

27.    Defendant Boston Proper repeats and realleges the responses contained in paragraphs 1 through 26 of this Answer as if fully set forth herein.

28.    Denies the allegations contained in paragraph 28 of the first amended complaint.

29.    Denies the allegations contained in paragraph 29 of the first amended complaint.

30.    Denies the allegations contained in paragraph 30 of the first amended complaint.

31.    Denies the allegations contained in paragraph 31 of the first amended complaint.

32.    Denies the allegations contained in paragraph 32 of the first amended complaint.

## THIRD CLAIM FOR RELIEF
**(Unlawful Acts and Practices Under New York General Business Law § 349)**

33.    Defendant Boston Proper repeats and realleges the responses contained in paragraphs 1 through 32 of this Answer as if fully set forth herein.

34.    Denies the allegations contained in paragraph 34 of the first amended complaint.

35.    Denies the allegations contained in paragraph 35 of the first amended complaint.

36.    Denies the allegations contained in paragraph 36 of the first amended complaint.

37. Denies the allegations contained in paragraph 37 of the first amended complaint.

38. Denies the allegations contained in paragraph 38 of the first amended complaint.

### FOURTH CLAIM FOR RELIEF
(Unfair Competition Under New York State Law)

39. Defendant Boston Proper repeats and realleges the responses contained in paragraphs 1 through 38 of this Answer as if fully set forth herein.

40. Boston Proper is without information or knowledge sufficient to determine the truth of the allegations contained in paragraph 40 of the first amended complaint, and therefore denies same.

41. Denies the allegations contained in paragraph 41 of the first amended complaint.

42. Denies the allegations contained in paragraph 42 of the first amended complaint.

43. Denies the allegations contained in paragraph 43 of the first amended complaint.

44. Denies the allegations contained in paragraph 44 of the first amended complaint.

45. Denies the allegations contained in paragraph 45 of the first amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

46. The first amended complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred, in whole or in part, under the doctrine of waiver.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred, in whole or in part, under the doctrine of estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

49. Boston Proper has acted in good faith at all relevant times alleged in the first amended complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

50. Plaintiff and/or its agent or licensee consented to or acquiesced in the defendants' use of the Nicole Miller Copyright.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51. Plaintiff assigned or licensed some or all rights in the Nicole Miller Copyright to a third party.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

52. Plaintiff is not entitled to statutory damages under the Copyright Act because the copyright application for the Nicole Miller Copyright was filed on or about November 2, 2006, more than three (3) months after first publication of the Africa Design, on or about July 27, 2005.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

53. Plaintiff is not entitled to an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505 because the copyright application for the Nicole Miller Copyright was filed on or about November 2, 2006, more than three (3) months after first publication of the Africa Design, on or about July 27, 2005.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

54. Upon information and belief, the Africa Design bears sufficient similarity to a prior work in the public domain or otherwise lacks originality to defeat the copyright protection demanded in the first amended complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

55. Upon information and belief, the Africa Design bears a common source to the alleged work(s) of the defendants sufficient to defeat the copyright protection demanded in the first amended complaint.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

56. Plaintiff's common law and state law claims are preempted by federal law.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

57. Boston Proper's conduct, as alleged in the first amended complaint, is not likely to cause any confusion or mistake, or to deceive or mislead.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

58. There have been no instances of confusion, mistake or deception among the general purchasing public as a result of Boston Proper's conduct, as alleged in the first amended complaint.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

59. Assuming *arguendo* that plaintiff has stated a valid claim, Boston Proper's conduct was not deliberate, willful, deceptive, malicious or fraudulent.

### PRELIMINARY ALLEGATIONS RELATED TO THE CROSS-CLAIMS OF BOSTON PROPER AGAINST RICHIE TAILOR

60. Upon information and belief, Plaintiff Kobra International, Ltd. d/b/a Nicole Miller, Ltd. is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 525 Seventh Avenue, New York, New York 10018. Nicole Miller, Ltd. and Kobra International, Ltd. are collectively referred to herein as "Plaintiff," or "Miller."

61. Defendant and Cross-Claimant Boston Proper is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at 6500 Park Of Commerce Boulevard, Boca Raton, Florida 33487. Boston Proper is a multi-channel retailer of woman's apparel.

62. Upon information and belief, Defendant and Cross-Claim Defendant Richie Tailor, Inc. ("Richie Tailor" or "Cross-Claim Defendant") is a corporation organized and existing under the laws of the State of New York having its principal place of business at 450 Seventh Avenue, Suite 306, New York, New York 10123.

### JURISDICTION AND VENUE

63. Plaintiff's first amended complaint, dated January 25, 2008, recites an action for: (a) copyright infringement; (b) unfair competition and false designation of origin; (c) deceptive acts and practices; and (d) unfair competition under state law, all of which activities have occurred in this District and elsewhere in interstate commerce.

64. In its Cross-Claims against Richie Tailor, Boston Proper seeks to be indemnified and to be held harmless by Richie Tailor for any and all liability, loss or expense, including costs and counsel fees, incurred by Boston Proper as a result of Plaintiff's claims. The basis for Boston Proper's claims is found in the terms of Boston Proper purchase orders accepted by Cross-Claim Defendant.

65. Subject matter jurisdiction for the Plaintiff's claim of copyright infringement and unfair competition and false designation of origin is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 17 U.S.C. § 501 and 15 U.S.C. § 1125(a). Supplemental jurisdiction for Plaintiff's claims of deceptive acts and practices and unfair competition under state law is proper in this Court pursuant to 28 U.S.C. § 1367.

66. Jurisdiction for Boston Proper's Cross-Claims is proper pursuant to 28 U.S.C. § 1367(a) and Fed.R.Civ.P. 13(g) because Boston Proper's claims against Cross-Claim Defendant herein are a part of the same case or controversy brought by Plaintiff's claims against Boston Proper and arise out of the same transaction or occurrence alleged in the first amended complaint.

67. This Court has personal jurisdiction over the Cross-Claim Defendant in that Richie Tailor resides, transacts business, and contracts to supply goods in the State of New York, within this Judicial District.

68. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that the Cross-Claim Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### A.   BOSTON PROPER AND CROSS-CLAIM DEFENDANT'S CONTRACTS

69.   Boston Proper placed a series of purchase orders, including at least purchase order nos. 834245, 834246 and 834267, for goods with Cross-Claim Defendant.

70.   Cross-Claim Defendant invoiced Boston Proper, specifically invoice nos. 3812, 3831, 3832, and 3833, for the goods that were subject to the purchase orders described in paragraph 69, in early 2007.

71.   Boston Proper's purchase orders, including those described or identified in paragraph 69, state on their face that each "purchase order is subject to the terms and conditions on the reverse side, in addition to routing guide."

72.   Each of the Boston Proper purchase orders, including those described or identified in paragraph 69, recites on their reverse side an express agreement for indemnification against Patent, Copyright and Trademark actions.

73.   Plaintiff filed its first amended complaint against Boston Proper and Cross-Claim Defendant on or about February 5, 2008 for (a) copyright infringement; (b) unfair competition and false designation of origin; (c) unlawful and deceptive acts and practices; and (d) unfair competition under state law.

### AS AND FOR A FIRST CROSS-CLAIM
### (Indemnification)

74.   Boston Proper repeats and realleges the allegations contained in paragraphs 60 through 73 as if fully set forth herein.

75. By accepting Boston Proper's purchase orders, Cross-Claim Defendant agreed to indemnify and hold harmless Boston Proper against any and all liability, loss or expense, including costs and counsel fees, by reason of claims such as those brought by Plaintiff.

76. As a result of Plaintiff's first amended complaint, Boston Proper has been, and will continue to be, incurring losses, costs, expenses, and counsel fees, and is subject to liability and other damages in an amount to be proved at trial.

77. By reason of the foregoing, in the event that any judgment is awarded in favor of Plaintiff against Boston Proper, then Defendant and Cross-Claim Defendant Richie Tailor will be liable for indemnification in the full amount of said judgment, and such indemnification should include reimbursement for costs and reasonable counsel fees.

## AS AND FOR A SECOND CROSS-CLAIM
### (Expenses and Costs of Returning Goods)

78. Boston Proper repeats and realleges the allegations contained in paragraphs 60 through 77 as if fully set forth herein.

79. By accepting Boston Proper's purchase orders, Cross-Claim Defendant agreed that Boston Proper may cancel its purchase orders and return all goods received pursuant to those purchase orders at Cross-Claim Defendant's expense where a "claim is made for any patent, design, trade name, trademark, copyright or unfair competition claim (whether or not an action is filed)."

80. As a result of Plaintiff's first amended complaint, Boston Proper may cancel the purchase orders described and identified above and accepted by Cross-Claim Defendant, pursuant to the express terms recited therein.

81.     Also as a result of Plaintiff's first amended complaint, Boston Proper may return any of the goods received at Cross-Claim Defendant's expense under the express terms of the purchase orders described and identified above and accepted by Cross-Claim Defendant.

82.     By reason of the foregoing, Boston Proper demands a credit for goods returned by reason of Plaintiff's first amended complaint and orders cancelled from Cross-Claim Defendant, in an amount to be determined at trial.

83.     By reason of the foregoing, Boston Proper has suffered damages for lost profits, in an amount to be determined at trial, because once plaintiff asserted claims against Boston Proper, Boston Proper was prevented from reselling the goods to its financial detriment.

## AS AND FOR A THIRD CROSS-CLAIM
### (Accounting)

84.     Boston Proper repeats and realleges the allegations contained in paragraphs 60 through 83 as if fully set forth herein.

85.     By accepting Boston Proper's purchase orders, Cross-Claim Defendant agreed that Boston Proper may cancel its purchase orders and return all goods received pursuant to those purchase orders at Cross-Claim Defendant's expense where a "claim is made for any patent, design, trade name, trademark, copyright or unfair competition claim (whether or not an action is filed)."

86.     As a result of Plaintiff's first amended complaint, Boston Proper may cancel the purchase orders described and identified above and accepted by Cross-Claim Defendant, pursuant to the express terms recited therein.

87.  Also, as a result of Plaintiff's first amended complaint, Boston Proper may return any of the goods received at Cross-Claim Defendant's expense under the express terms of the purchase orders described and identified above and accepted by Cross-Claim Defendant.

88.  Boston Proper is unable to determine the amount of money owed by Cross-Claim Defendant for goods returned by reason of Plaintiff's first amended complaint and orders cancelled unless Cross-Claim Defendant furnishes Boston Proper with a complete and accurate accounting.

89.  Cross-Claim Defendant, in an effort to thwart Boston Proper from collecting sums justly due to Boston Proper from Cross-Claim Defendant for goods returned by reason of Plaintiff's first amended complaint and orders cancelled, refuses to furnish a true, accurate and complete accounting.

90.  Upon information and belief, this accounting will show all monies now due and owing to Boston Proper from Cross-Claim Defendant, and will also disclose the existence of additional monies that may become due and owing from Cross-Claim Defendant to Boston Proper in the future.

91.  Once an accounting has been rendered or an audit conducted of Cross-Claim Defendant's book and records, the Court shall order disgorgement of monies received and accepted by Cross-Claim Defendant which properly belongs to Boston Proper.

92.  Boston Proper has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Boston Proper requests judgment dismissing the first amended complaint against it with prejudice, together with an award of costs and reasonable attorneys'

fees in defending against plaintiff's claims, and demands judgment against Cross-Claim Defendant as follows:

(a)   On the first cross-claim, for indemnification awarding damages to Boston Proper in the full amount of any judgment awarded to Plaintiff against Boston Proper, including reimbursement for any costs and reasonable counsel fees incurred by Boston Proper in defending the action-in-chief and in commencing and prosecuting its claims against Richie Tailor;

(b)   On the second cross-claim, an award of a credit for goods returned by reason of Plaintiff's first amended complaint and orders cancelled from Cross-Claim Defendant and actual damages sustained by Boston Proper for lost profits, in an amount to be determined at trial;

(c)   On the third cross-claim, that Cross-Claim Defendant be ordered to account to Boston Proper with respect to all monies owed by Cross-Claim Defendant for goods returned by reason of Plaintiff's first amended complaint and orders cancelled;

(d)   For an award of costs and reasonable attorneys' fees;

(e)   For Boston Proper's expenses and costs of returning goods that are the subject of the purchase orders to Cross-Claim Defendant; and

  (f) For such other and further relief as the Court deems just and proper.

Dated: New York, New York
    February 26, 2008

               Respectfully submitted,

               */s/ Lansing R. Palmer*
               Lansing R. Palmer (LP-4719)
               Scott M. Kessler (SK-5510)
               **Akerman Senterfitt** LLP
               335 Madison Avenue, 26th Floor
               New York, New York 10017-4636
               (212) 880-3800

               *Attorneys for Defendant and*
               *Cross-Claimant Boston Proper, Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Boston Proper hereby demands a jury trial on all triable issues raised by the first amended complaint and its cross-claims.

Dated:  New York, New York
        February 26, 2008

                                       Respectfully submitted,

                                       /s/ *Lansing R. Palmer*
                                       Lansing R. Palmer (LP-4719)
                                         Scott M. Kessler (SK-5510)
                                         Akerman Senterfitt LLP
                                         335 Madison Avenue, 26th Floor
                                         New York, New York 10017-4636
                                         (212) 880-3800

                                       *Attorneys for Defendant and*
                                       *Cross-Claimant Boston Proper, Inc.*